682 P.2d 1299

Jay **FARNES**, Plaintiff-Respondent and Cross-Appellant,

v.

Grant **GROVER**, dba Grover Produce, Defendant-Appellant and Cross-Respondent.

No. 14240.

Court of Appeals of Idaho.

June 19, 1984.

Blair Grover, Grover & Walker, Rigby, for defendant-appellant and cross-respondent.

Alan C. Stephens, St. Clair, Hiller, Wood & McGrath, Idaho Falls, for plaintiff-respondent and cross-appellant.

WALTERS, Chief Judge.

Grant Grover appeals from a judgment awarding to Jay Farnes the balance allegedly due under a consignment agreement to sell Farnes' potatoes. Grover argues that testimony about an oral agreement, establishing a minimum price Farnes was to receive, was admitted at trial in violation of the parol evidence rule and that the price term in the parties' written consignment agreement was not ambiguous. Grover also asserts that he should have been awarded attorney fees at trial, and that he should receive an award of attorney fees on this appeal. Farnes cross-appeals, contending the district court erred in not awarding to him attorney fees for prevailing at trial. He also requests attorney fees on appeal.

We vacate the judgment, holding that the oral agreement testimony does contradict the terms of the written contract and should have been excluded. We also conclude that the price term in the written consignment contract is not ambiguous. We remand for entry of judgment against Farnes on his complaint and for an award of attorney fees to Grover. We deny Farnes any relief on his cross-appeal.

Farnes and Grover executed two identical one-page contracts which provided that Farnes would deliver to Grover a total of 5,000 sacks of potatoes, weighing 100 pounds each, on consignment. The parties used two contracts in order to segregate or identify potatoes harvested from two separate fields (one of which was subject to a landlord-tenant division of the crop). Each contract was entitled "Consignment Agreement" and provided a schedule of amounts which Farnes would pay Grover for packaging and selling the potatoes. The contracts also provided that the consignee, Grover, would use his "best efforts to sell

the consigned products to [his] customers in the ordinary course of [his] business or to such other customers as the parties may agree upon and *at such prices* as Consignee may so obtain." [Emphasis added.] Finally, the contracts provided that "[t]he Title to the consigned products shall be and remain in the Consignor until sold to customers of the Consignee and the Title to sell [sic] proceeds shall vest in and belong to the Consignor" after Grover's compensation is deducted.

Grover packed and sold the potatoes. He paid Farnes the net proceeds, which averaged about $.85 per 100 pounds of potatoes. Farnes brought this action, alleging that the written contracts were only part of the agreement and, at the time the written contracts were signed, Grover orally had assured him that he, Farnes, would receive net proceeds of at least $2.55 per 100 pounds of potatoes. The trial court denied Grover's motion to exclude evidence of the alleged oral agreement made before the written consignment agreements were signed. The court stated:

> [T]here was another agreement contemplated by the parties, this is not in a sense an integrated agreement, so I don't think the parole [sic] evidence rule is even applicable. I think we have a consignment agreement and we have to have another agreement as to the selling arrangements.

After trial, the jury awarded damages based upon the oral agreement. Judgment was entered for that amount. This appeal followed.

■ It is the general rule that when a contract has been reduced to writing, which the parties intend to be a complete statement of their agreement, any other written or oral agreements or understandings (referred to in many cases as extrinsic evidence) made prior to or contemporaneously with the written "contract" and which relate to the same subject matter are not admissible to vary, contradict or enlarge the terms of the written contract. *Chapman v. Haney Seed Co., Inc.*, 102 Idaho 26, 624 P.2d 408 (1981). A writing which is not a complete statement of the parties' agreement may be supplemented by evidence of consistent additional terms, but it may not be contradicted by evidence of prior agreements. J. CALAMARI AND J. PERILLO, CONTRACTS 101 (1981). *See generally Id.* §§ 3–2, 3–3. In either case, evidence which contradicts the written terms of the agreement is not admissible.

■ Here, we believe the alleged oral understanding contradicts the terms of the written agreements. If, from the sale of the potatoes, Farnes had received a sum in excess of the alleged agreed minimum price, then the oral agreement would have no effect under the parties written consignment agreement. Grover would receive his compensation for packaging and selling the potatoes and the balance of the sale proceeds would belong to Farnes. The alleged oral agreement would therefore be meaningless. However, if the potatoes were sold for an amount which would give Farnes less than the alleged minimum, then the court would have to determine which of two contract provisions would be violated—the written provision setting the amount which Grover would receive for his services, or the oral provision establishing a minimum price which Farnes would receive. Only under those circumstances would the oral minimum price provision have an effect; but the effect would contradict the written contracts. Because the alleged oral minimum price agreement contradicts the complete, written contracts of the parties, we conclude that the alleged oral agreement should have been excluded at trial.

■ Extrinsic evidence may be admitted to interpret ambiguous terms of a contract. *Chapman v. Haney Seed Co., Inc., supra.* The district court concluded that the written price terms were ambiguous and the court allowed evidence of the oral agreement to be introduced to clarify those terms. However, the consignment agreements provided that Grover would sell the potatoes "at such prices" as he could obtain. The contracts specified the amount

that Grover was to retain to pay for the services which he rendered. The remainder of the proceeds was to be paid to Farnes. These terms clearly set out the procedure for determining how the proceeds of sales of the potatoes were to be disbursed. The written contracts specifically authorize Grover to negotiate the price at which Farnes' potatoes would be sold. Grover may retain no more of the proceeds for his services than the contracts allow. We conclude that the contract terms were not ambiguous; thus extrinsic evidence could not be introduced to explain the alleged ambiguity.

■ Farnes could not prevail on his complaint without evidence of the alleged oral agreement of the parties. Because we conclude the court erred in admitting such evidence, the judgment entered must be vacated with direction to the district court to enter judgment against Farnes on his complaint. Further, the consignment contracts mandate an award of reasonable fees to the prevailing party if legal action is brought to enforce the terms of those contracts. In light of our holding, Grover is the prevailing party—both at trial and on appeal—concerning the enforcement of the parties' contracts. We therefore will award attorney fees to Grover on this appeal. On remand, the district court should determine the fee to be awarded to Grover for the trial in this action.

Judgment vacated and cause remanded for further proceedings consistent with this opinion. Costs and attorney fees on appeal to appellant-cross respondent, Grant Grover.

BURNETT, J., and SWANSTROM, J., concur.